UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CALLANDRA THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID BURCHOWITZ, et al.,<br><br>  Defendants. | Case No. 2:25-cv-00999-JAD-EJY<br><br>**ORDER** |

Pending before the Court is the Civil Rights Complaint and Application to Proceed *in forma pauperis* ("IFP") by Plaintiff Callandra Thomas. ECF Nos. 1, 1-1. The IFP application is complete and granted below. The Complaint fails to state a discernable claim and, therefore, is dismissed without prejudice and with leave to amend.

**I.     Screening Standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination the court takes as true all allegations of material fact stated in the complaint and construes these facts in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought …." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Moreover, a plaintiff's allegations must identify a cause of action and be clear with respect to what claim or claims the plaintiff seeks to assert. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). Finally, a pro se plaintiff may only represent him or herself. A pro se plaintiff is prohibited from pursuing claims on behalf of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself."). Thus, to the extent Plaintiff seeks relief on behalf of her son, she is not permitted to do so.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff is granted through and including **July 7, 2025** to file an amended complaint. If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement

of facts describing the facts and Defendants' conduct that constitutes a violation of Plaintiff's rights. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopts a flexible pleading standard, Plaintiff still must give each Defendant fair notice of Plaintiff's claims against them.

IT IS FURTHER ORDERED that the Clerk of Court is to send Plaintiff the form civil rights complaint for a non-prisoner together with the instructions for completing the same.

IT IS FURTHER ORDERED that failure to timely comply with the terms and substance of this Order will result in a recommendation to dismiss Plaintiff's claims in their entirety.

Dated this 10th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE